UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMED ANIS SOUEIDAN,

        Petitioner,                        CASE NO. 12-12416

v.                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

ERIC HOLDER, ATTORNEY GENERAL,
JANET NAPOLITANO, SECRETARY OF
DEPARTMENT OF HOMELAND SECURITY,
et. al.,

        Respondent.
_____/

## ORDER
## (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## (2) LIFTING STAY OF DEPORTATION

On June 4, 2012, Petitioner filed the instant Motion. On June 8, this Court issued an Order Requiring a Government Response, and staying Deportation until 5:00 p.m. Wednesday June 13, 2012. On June 13, 2012, this Court issued an Order Extending Deportation Stay until Monday June 18, 2012, 5:00 p.m. and ordering Petitioner to file a Reply by noon Monday, June 18, 2012. The Court has received both the Government Response and the Petitioner's Reply.

Petitioner acknowledges that he presently has a petition for review pending in the United States Court of Appeals for the Sixth Circuit.

The Sixth Circuit denied Petitioner's petition for stay of removal on January 30, 2012. *Soueidan v. Holder*, # 11-4404. The Sixth Circuit order stated in pertinent part:

1

> [R]emoval does not prohibit a petitioner from continuing his petition for review. *Nken v. Holder*, 129 S.Ct. 1749, 1761 (2001). There is always a public interest in prompt execution of removal orders. *Id.* at 1762. This interest is heightened in this case where the petitioner has prior controlled substance convictions.

Slip Op. P.2.

Petitioner is presently incarcerated in the Calhoun County Jail in Battle Creek, Michigan, which is located in the Western District of Michigan. His "immediate custodian" is the Warden Allen Byam, who is a named Respondent in the petition filed by Petitioner. Another named Respondent is the local ICE Field Office Director Rebecca Adducci, who is responsible for his imprisonment in Battle Creek.

Petitioner is not a citizen of the United States; he was admitted as an immigrant in 1994.

Petitioner had three prior controlled substances convictions. Apparently, Petitioner has succeeded in challenging his most recent conviction of June 8, 2010; that leaves two prior controlled substances convictions.

ICE served petitioner with a Notice to Appear (NTA) for a removal hearing under § 237(a)(2)(B)(I) of the Immigration and Nationality Act (INA), as an alien with more than one conviction involving marijuana.

Petitioner conceded removability at his removal hearing, but requested relief from removal. The immigration judge denied relief and ordered removal to Lebanon. The Board of Immigration Appeals (BIA) dismissed his appeal on December 7, 2011. As noted *supra*, Petitioner is seeking review of the BIA order in the Sixth Circuit.

Petitioner has been in ICE's custody pending removal since December 7, 2011. ICE indicates that it is working with the Government of Lebanon to facilitate his removal. At this

time, Petitioner has been in ICE detention just over 6 months since December 7, 2011.

The Court finds that Petitioners detention since December 2011 is not, at this point in time, indefinite under *Zadvydas v. Davis*, 533 U.S. 678 (2000). The Court concludes that the post-6 month period is very short, and based on the Government's averment, there is a likelihood of removal in the reasonably forseeable future. The so-called six month presumption does not mean that an alien, not removed, must be released after six months detention. The issue is whether there is a determination that there is no significant likelihood of removal in the reasonably forseeable future. The Court concludes that at this time, shortly after six months of detention, given Respondent's description of continuing efforts toward Petitioner's removal, there is not unconstitutional detention.

Accordingly, the Court denies this petition for immediate release on personal recognizance or bond, and concludes that his continued detention, which began on December 7, 2011 is not unconstitutional as an "indefinite detention." The stay of removal has expired.

SO ORDERED.

DATED: 6-19-12

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE